The defendant was indicted and convicted under section 462 of the Penal Code for intruding upon the land of another without authority from the owner.
It appears that in the month of January, 1884, Marcus L. Comstock and Ella S. Comstock entered into a written contract by which they gave the option to purchase at any time prior to March 1, next ensuing, premises known as No. 194 Niagara street in this city, and agreed tb give the defendant, within thirty days after being notified by him of his acceptance of the proposal, a warranty deed, subject to certain encumbrances, with peaceable possession guaranteed at the time, and with the tender of the deed; the defendant agreeing to assume certain mortgages, and to deed to the Comstocks a piece of land in Kansas, and also to give them his note for $500, payable in one year.
On the seventh of February following, the defendant sent a letter to the Comstocks notifying them of the acceptance of the contract, and stating that the party wished to take possession of the premises at once, and requesting that they send the papers, and the name of the person to whom the Kansas land was to be deeded. On February fourteenth the Comstocks answered the defendant’s letter, and enclosed a search of the premises and others. Mr. Comstock also states that he does not see how he can get the party out before the first of May, at which time his lease will expire, and that he does not understand that he was to give immediate possession. On March twelfth the defendant wrote to Comstock that he had heard nothing from the papers transferring the property, and that his own papers had been waiting for several days. On March seventeenth Mr. Comstock wrote the defendant another letter explain *247 ing liis delay, and naming his nephew, George W. Corn-stock, as the person who was authorized to make the transfer. Oh the twenty-sixth of March, Mr. Comstock wrote the defendant another letter stating in substance, that Mr. Walker was going to Buffalo, and he would attend to the business for him. After receiving the letter of the seventeenth of March, the defendant several times called at the store of George W. Comstock, but did not find him in. On the second or third of April, Mr. Walker called upon the defendant, and left a part of the papers with him; several interviews were afterwards had between Mr. Walker and the defendant which resulted in some disagreement, and an action was commenced by the defendant against the Comstocks, in the supreme court for a specific performance of the contract, and for damages. On the second day of May, after having had several interviews with the tenant who occupied the premises, about his moving out and allowing the defendant to move in, and after the tenant had quit the premises, the defendant with his family and household effects moved into the house and occupied it for a year or more. In his interviews with Mr. Perrine, the tenant, about the possession of the property, the defendant claimed to him to have bought the property, and to be the owner of it; that he had some of the rooms measured for carpets, and had put some of the furniture in some time before the first of May. I have thus particularly traced the events which lead up to the possession, that the right of the defendant, if he had any, may clearly appear.
This presents a case where the defendant may fairly claim that he is entitled to a deed of the property, and in which an attorney might with entire good faith advise a client that he was entitled to the property, and to its possession. The entry was made in the day time, openly and publicly, the defendant claiming possession as the lawful owner, and asserting his title in a manner that would ordinarily indicate good faith in a person.
It seems to me, that there, is grave doubt of the defendant’s guilt under the statute; because the defendant under a bona fide claim of title to the property, asserting his right openly and publicly, honestly believing he is entitled to the possession of the property, cannot and ought not to be convicted, as an entry under such circumstances would not be a crime. But without passing upon the question of the guilt of the defendant under the facts in this case, I think error was committed on the trial by the judge, in excluding the defendant’s offer to show that he had fully stated his case to his counsel, and was by him advised that he had the right to take possession, and that he acted upon such advice, honestly believing it to be good and true.”
*248 The question submitted to the jury was one of intent, at the time the defendant entered into possession; the fact of entry was admitted, and there is no dispute as to the time and manner of making the entry, so that the only question for the jury to pass upon, was clearly stated by the learned judge in his charge: “That if the defendant believed that under the contract he made in reference to the purchase of this piece of property he had the right to take possession of it as he did, then he must be acquitted.” It is true that advice of counsel is not an excuse for, or a defense to, crime, which is shown to have been committed; but it is competent evidence for the purpose of determining whether a crime has actually been committed. To advise one to kill another, or to marry while he has a wife living and undivorced, is no defense to a charge of murder, or to a prosecution for bigamy, because the act of killing is a crime, and marrying another under such circumstances is bigamy; but where the intent constitutes the crime—is the essence of the charge—the intent with which the act is done is the subject of the inquiry; and nothing more clearly shows the intent of the defendant than evidence of the advice of counsel honestly given.
This rule has been frequently applied in cases where the intent with which the act is done, is the essential element of the crime. People v. Burton, 1 N. Y. C. R., 297; Commonwealths. Bradford, 9 Met., 268.
For this reason the order denying a new trial should be reversed, the conviction set aside and new trial granted.